UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GASPARD,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants. | Case No. 12-1058 JST (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DISCOVERY; DENYING PLAINTIFF'S MOTION TO QUASH; GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 17, 18, 24, 27, 34, 35.)** |

       Plaintiff, a California prisoner proceeding pro se and currently incarcerated at California State Prison-Los Angeles County, filed the instant civil rights action under 42 U.S.C. § 1983 alleging violation of his constitutional rights while incarcerated at Salinas Valley State Prison ("SVSP"). Specifically, plaintiff alleges that defendants, knowing that plaintiff was vulnerable to attack, terminated his single cell status and placed plaintiff in a cell with another inmate who subsequently raped him. Plaintiff alleges that the sexual assault occurred on October 14, 2011. The Court screened the complaint pursuant to 28 U.S.C. § 1915A and found plaintiff had stated a cognizable claim for deliberate indifference to his safety in violation of the Eighth Amendment.

       Now before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff has failed to exhaust his administrative remedies. Plaintiff has filed an opposition, and defendants have filed a reply. The Court also addresses herein various motions brought by plaintiff.

**DISCUSSION**

I.  Defendants' Motion To Dismiss

   A.  Standard of Review

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532 (2002). PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94, (2006).

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 C.C.R. § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. See 15 C.C.R. § 3084.7; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner need not exhaust further levels of review once he has either received all the remedies that are available at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Id. at 935. Affirmative acts by jail or prison officials that disrupt or prevent the exhaustion of administrative remedies

1 may make those remedies effectively unavailable. Albino v. Baca, 697 F.3d 1023, 1033 (9th Cir. 2012)

### B. Analysis

Defendants assert that plaintiff did not submit any administrative appeal to the Director's level regarding the alleged rape prior to filing this federal lawsuit. In support, defendants have submitted a copy of plaintiff's appeal record, as recorded by the Inmate Appeals Tracking System. (J.D. Lozano Decl., Ex. A.) The record shows that subsequent to October 14, 2011, the date of the alleged sexual assault, plaintiff filed only one appeal that he pursued to the third and final level of review. The appeal, identified by Log No. SVSP-L-11-02748, did not address the Eighth Amendment deliberate indifference claim. (T. Maiorino Decl., Ex. B.) Rather, it concerned plaintiff's complaint that staff members had left his cell door open on October 27, 2011, causing his radio to be stolen. (Id.)

It is not disputed that plaintiff's appeal No. SVSP-L-11-02748 failed to satisfy the exhaustion requirement. Rather, plaintiff claims he submitted an appeal on November 14, 2011 concerning the sexual assault, which appeal constitutes exhaustion because he never received a response. Plaintiff attaches a copy of his CDCR Form 602 inmate appeal dated November 14, 2011. (Opp., Ex. C.) Therein, plaintiff stated in relevant part:

> I was sexually assaulted by my cellie on Oct. 14, 2011 after a hypoglycemic incident. I was single celled upon arrival at SVSP. On March 8, 2011, I went on orientation status when I was taken to ICC. Members of ICC . . . all told me that they had reviewed my C-file and concluded that I no longer needed to be housed single celled. I then protested that my single cell status was from problems with cellies dealing with my diabetes and hypoglycemia (becoming unconsciousness [sic]) and a threat of bodily harm. They all said that they had weighed the issue and found that I no longer faced any threat to my safety, and I would be double celled. . . . The next day I was given a cellie, . . . . He found me unconscious from hypoglycemia and "raped" me.

(Id.)

Plaintiff asserts that he never received a response to this appeal and that it was never returned with a log number on it. Plaintiff also asserts that, after not receiving a response, he submitted a CDCR Form 22 Inmate Request for Interview on three separate occasions —

3

November 23, 2011, December 14, 2011, and January 4, 2012.[1] Plaintiff attaches copies of each of these requests. (Opp., Exs. C-D.) Plaintiff asserts that the Appeals Coordinator never responded to any of these requests. Plaintiff claims that submitting the appeal and subsequent inquiries and receiving no response constitutes exhaustion because no further administrative remedies were available to him.

The PLRA requires that an inmate exhaust such administrative remedies "as are available." 42 U.S.C. § 1997e(a). As the Ninth Circuit has repeatedly reiterated, the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). If employees of a facility prevent the filing of a grievance, the exhaustion requirement may be "unavailable" and defendants estopped from raising non-exhaustion as an affirmative defense. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Courts have repeatedly held that an administrative remedy becomes "unavailable" for purposes of the exhaustion requirement if prison officials do not respond to a properly filed grievance or if they otherwise use affirmative misconduct to thwart a prisoner's attempts to exhaust. See e.g., Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926 n.18 (9th Cir. 2005); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that the prisoner had exhausted his "available" administrative remedies).

In their reply, defendants do not dispute that plaintiff filed an inmate appeal concerning the sexual assault. Nor do they dispute that plaintiff never received a response. Rather, defendants contend that plaintiff's November 14, 2011 Form 602 appeal was late by one day.[2] The problem with this argument, however, is that plaintiff's appeal was never rejected on the ground that it was

---

[1] Regulations provide that an inmate "may request interviews with staff … when the inmate . . . seeks a response to an issue or concern related to his or her confinement or parole." 15 C.C.R. § 3086(a)-(b).

[2] Regulations require an inmate to submit an appeal within thirty calendar days of the event or decision being appealed. 15 C.C.R. § 3084.8(b)(1)-(2).

4

1  submitted outside the time allowed.  Indeed, plaintiff never received any response, let alone a
2  response indicating he had done something improper.[3]

3        Further, plaintiff asserts that he was prevented from filing his appeal earlier because: (1) he
4  spent much of the thirty day period following the alleged incident in administrative segregation;
5  and (2) every time he requested to file an appeal, he was told that it would have to wait until
6  completion of the investigation into the incident.  Defendants respond that the contention is
7  "simply not believable."  (Reply at 3.)  "In a situation such as this in which the parties offer
8  differing versions of events based on competing declarations, the issue is one of witness credibility
9  and the court cannot make that requisite assessment on a motion to dismiss."  Buchanan v. Santos,
10 2010 WL 1267353, *5 (E.D. Cal. Mar. 31, 2010).  Thus, at this stage of the proceedings, the Court
11 is compelled to accept plaintiff's allegations that he attempted to exhaust his administrative
12 remedies in November 2011, but was thwarted in doing so.

13       Accordingly, defendants' motion to dismiss for failure to exhaust administrative remedies
14 will be DENIED.

15 II.    Plaintiff's Motions

16     A.    Motion for "Discovery Evidence from Defendants"

17       Plaintiff requests discovery of evidence from defendants.  (Dkt. No. 35.)  Specifically,
18 plaintiff seeks various medical reports and incident reports concerning the alleged sexual assault.

19       In general, the Court is not involved with discovery matters unless and until the parties
20 have satisfied the "meet and confer" requirements of the discovery rules.  See Fed. R. Civ. P.
21 37(a)(1) (providing motion to compel must include certification movant has in good faith
22 conferred or attempted to confer with non-disclosing party in effort to secure disclosure without
23 court action).  Moreover, federal courts do not conduct discovery for the parties.  Accordingly,
24 plaintiff's request for the Court to order discovery will be DENIED without prejudice.

25       Plaintiff is advised that several discovery methods are available under the Federal Rules of
26 Civil Procedure.  For example: if plaintiff wants written responses from a defendant, he can send a

---

[3] Regulations require that first level appeal responses "shall be completed within 30 working days from date of receipt by the appeals coordinator."  15 C.C.R. § 3084.8(c)(1).

set of interrogatories (Rule 33); if he only wants single-word answers (i.e., "admit" or "deny") from a defendant, he can send a request for admission (Rule 36); if he wants documents from a defendant, he can send a request for production of documents (Rule 34). Discovery requests and responses normally are exchanged between the parties without any copy sent to the Court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with court until used in proceeding or until court orders otherwise).

B.   Motion to Quash

Plaintiff asserts that defendants have issued a subpoena on Natividad Medical Center for production of plaintiff's medical records taken on the day of the alleged assault. Plaintiff moves to quash said subpoena. (Dkt. No. 17.)

A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things. . . . " Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command the production of documents which are "nonprivileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Upon a timely motion, the court will quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

A party enjoys privacy rights in his medical records in general. See Bertram v. Sizelove, 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). However, a party may waive these privacy rights if the party puts their contents at issue in a case. Smith v. Solano Cnty., 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24, 2012); Bertram, 2012 WL 273083, at *3. Any waiver, however, is "limited to the private information that is relevant to the lawsuit." Enwere v. Terman Associates, L.P., 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation omitted).

6

1  In the present matter, plaintiff seeks $150,000 in compensation for physical and emotional damages that he allegedly suffered because of defendants' actions. By bringing this cause of action, plaintiff has placed at issue the extent of his injuries and therefore waived his privacy rights with respect to his medical records. Defendants are entitled to reasonable discovery that will shed light on the nature of plaintiff's alleged injuries and on the sources that proximately gave rise to those injuries. Accordingly, the motion to quash the subpoena will be DENIED. However, to protect plaintiff's privacy, the Court will order any materials produced pursuant to defendants' subpoena to be released only pursuant to a protective order.

### C. Motions to Subpoena

Plaintiff has filed two motions "to subpoena medical records." (Dkt. Nos. 24, 34.) Therein, plaintiff states that he is seeking production of the medical records from Natividad Medical Center discussed above. Plaintiff has completed and attached a subpoena form. Accordingly, the Court construes plaintiff's motions as a request for the Clerk of Court to issue the subpoena and return it to plaintiff for service, which request will be GRANTED.

### D. Motion for Appointment of Counsel

Plaintiff has requested that counsel be appointed to assist him in this action. (Dkt. No. 27.) A district court has the discretion under 28 U.S.C. §1915(e)(1)to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). See id. To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte. Accordingly, the request for appointment of counsel will be DENIED.

//
//

**CONCLUSION**

In light of the foregoing, the Court rules as follows:

1. Defendants' Motion to Dismiss is DENIED.

2. Plaintiff's Motion for "Discovery Evidence from Defendants" is DENIED without prejudice.

3. Plaintiff's Motion to Quash is DENIED. The disputed medical records shall be subject to a protective order. The parties may use this District's model protective order for standard litigation, available on the Court's website; they may also enter a separate protective order, but only if they are able to agree on the provisions of such order. In the meantime, plaintiff's medical records may be seen by attorneys only and any consultants employed by them who shall subscribe to the limitations of any protective order hereafter entered.

4. Plaintiff's request for issuance of subpoena is GRANTED. The Clerk is DIRECTED to endorse the subpoena duces tecum form submitted by plaintiff at Docket. No. 34 and send it back to plaintiff for service.

5. Plaintiff's Motion for Appointment of Counsel is DENIED.

6. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **ninety (90)** days from the date this order is filed, defendants shall file a motion for summary judgment. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

   If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the summary judgment motion, if any, shall be filed with the Court and served upon defendants no later than **twenty-eight (28)** days from the date the motion is filed.

c. Defendants **shall** file a reply brief no later than **fourteen (14)** days after the date the opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This order terminates Docket Nos. 17, 18, 24, 27, 34, and 35.

**IT IS SO ORDERED**.

Dated: April 30, 2013

                                                                                    _____
JON S. TIGAR
United States District Judge